## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MERRIER A. JACKSON TARTT,

       *Plaintiff,*

vs.                                                                  Case No. 23-02146-EFM

UNIFIED SCHOOL DISTRICT NO. 475,

       *Defendant.*

### MEMORANDUM AND ORDER

Before the Court is Defendant Unified School District No. 475's Motion to Strike Affidavits (Doc. 51) and Plaintiff Merrier A. Jackson Tartt's Motion to Amend/Correct File Corrected Exhibit (Doc. 56). Defendant asks this Court to strike the affidavits of Dawn Toomey, Jonathan Jacobson, and Plaintiff because they fail to meet the requirements set out in Federal Rules of Civil Procedure 56(c)(4). Plaintiff opposes the motion to strike but also requests leave to file a corrected exhibit of Jacobson's affidavit. Defendant opposes the motion to amend. For the following reasons, the Court grants Plaintiff's Motion to Amend and grants in part and denies in part Defendant's Motion to Strike.

## I.        Factual and Procedural Background

This case arises out of an employment discrimination dispute. On February 23, 2024, Defendant moved for summary judgment on all claims. Plaintiff filed her Response with accompanying exhibits on March 19, 2024. The affidavits of Toomey, Jacobson, and Plaintiff were among the exhibits attached to the Response. On April 11, 2024, Defendant filed its Reply and moved to strike the affidavits of Toomey, Jacobson, and Plaintiff. On April 29, 2024, Plaintiff responded to Defendant's Motion to Strike and moved to amend/correct Jacobson's affidavit. Defendant responded to Plaintiff's Motion to Amend/Correct on May 13, 2024.

## II.        Analysis

**A.     Plaintiff's Motion to Amend/Correct File a Corrected Exhibit**

Plaintiff requests leave to file a corrected exhibit of Jacobson's affidavit. Under the Federal Rules of Civil Procedure, when "an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[1] "Excusable neglect is a 'somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.' "[2] Excusable neglect balances the following four factors: (1) danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for delay; and (4) whether the movant acted in bad faith.[3]

---

[1] Fed. R. Civ. P. 6(b)(1)(B).

[2] *United States v. Hall*, 2009 WL 10695563, at *1 (D. Kan. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

[3] *Pioneer Ins. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993).

First the Court finds that Defendant experiences no prejudice by allowing Plaintiff to file the corrected exhibit. Plaintiff initially filed Jacobson's affidavit as an exhibit in support to her summary judgment response. However, Jacobson's affidavit only contained his signature and was not properly notarized. Plaintiff's proposed corrected exhibit makes no substantive changes to Jacobson's affidavit. The only difference is that the corrected exhibit is properly notarized. Therefore, Defendant is not prejudiced by filing Jacobson's corrected affidavit. Consequently, this factor weighs in favor of excusable neglect.

Additionally, the length of delay and the potential impact on judicial proceedings is minimal. Plaintiff's request to file Jacobson's corrected affidavit comes two weeks after he first learned that the affidavit was unnotarized and about a month and a half after Plaintiff initially filed the unnotarized affidavit as an exhibit. Therefore, the delay was short as Plaintiff did not wait several months to request leave to correct the affidavit. Further, the trial in this matter is set for October. Thus, the potential impact on judicial proceedings is minimal as Plaintiff's motion comes months before trial. As a result, the Court finds that this factor weighs in favor of excusable neglect.

Plaintiff's reason for the delay weighs against excusable neglect. Plaintiff only cites "counsel oversight" as the reason she submitted the affidavit without notarization. Inadvertence or mistakes do not favor finding excusable neglect.[4] Thus, this factor weighs against excusable neglect.

Finally, Plaintiff acted in good faith when filing the motion to correct Jacobson's exhibit. When a party duly objects to an affidavit's defects, the nonmoving party has "an opportunity to move for leave to file a corrected affidavit or to respond as to why her unsworn statement should

---

[4] *Torres v. Kan. Heavy Constr., LLC*, 2018 WL 4095938, *4 (D. Kan. Aug. 28, 2018).

be considered competent for raising issues of material fact."[5] That is what happened here. Defendant moved to strike Jacobson's affidavit because it was not properly notarized. Plaintiff in response asked this Court for leave to file Jacobson's corrected affidavit. Therefore, the Court finds that this factor weighs in favor of excusable neglect.

Of the four factors, factor three weighs against excusable neglect; and factors one, two, and four weigh in favor of excusable neglect. Therefore, the Court finds that Plaintiff sufficiently showed excusable neglect because the factors weighing in favor of finding excusable neglect outweigh the factors that do not.

However, Defendant argues that the Federal Rules of Civil Procedure forbid affidavits from being submitted out of time. Rule 6(c)(2) requires that "[a]ny affidavit supporting a *motion* must be served with the *motion*."[6] Defendant's argument overlooks a crucial detail—Plaintiff used Jacobson's affidavit not to support a motion but a response. It was Defendant's motion for summary judgment that Plaintiff was *responding* to. Therefore, the Court finds that Rule 6(c)(2) is not applicable. Because Plaintiff sufficiently showed excusable neglect, the Court grants Plaintiff's Motion to Amend/Correct File Corrected Exhibit. Consequently, the Court denies Defendant's Motion to Strike Jacobson's affidavit in its entirety.

## B.    Defendant's Motion to Strike Plaintiff's Summary Judgment Affidavits

Defendant moves to strike the affidavits of Toomey, Jacobson, and Plaintiff contending that Plaintiff cannot rely on any of them to defeat Defendant's motion for summary judgment. Specifically, Defendant objects to paragraphs 2–17 of Toomey's affidavit, paragraphs 2–11 of

---

[5] *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

[6] Fed. R. Civ. P. 6(c)(2) (emphasis added).

Jacobson's affidavit, and paragraphs 2, 4, 6–16, 18–32, 34–50, and 53 of Plaintiff's affidavit. [7] Defendant argues that these paragraphs should be stricken, or in the alternative, disregarded for failure to make proper references, lack of personal knowledge, improper opinion and belief, hearsay, improper legal conclusions, and self-serving nature.

### 1.    Failure to reference affidavit paragraphs

Defendant argues that the Court should strike paragraphs 7–13, 39, and 43–45 of Plaintiff's affidavit; paragraphs 2–10, 13, and 15–16 of Toomey's affidavit; and paragraphs 3–5, 7, and 11 of Jacobson's affidavit because Plaintiff fails to cite to these paragraphs within her response. Under Local Rule 56.1, a party must refer with particularity to the portions of the record the party relies upon to propound material facts.[8] In *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, the Tenth Circuit held that a plaintiff's failure to cite to specific evidence when responding to a motion for summary judgment's statement of facts is legitimate grounds for exclusion.[9]

Here, Plaintiff's briefings lack any reference to the aforementioned paragraphs. Defendant argues that the failure to utilize these facts should result in them being stricken from the record under Local Rule 56.1 and Tenth Circuit precedent. However, Defendant's argument does not accurately reflect the law. Local Rule 56.1 and Tenth Circuit precedent require the Plaintiff to provide citations to specific evidence to support her factual assertions, not to cite to every

---

[7] The Court notes that Defendant's Motion to Strike is not the proper method to address Plaintiff's affidavits. The proper method is to dispute the facts relied on in the affidavit as not supported by admissible evidence. *See Eatinger v. BP Am. Prod. Co.*, 2012 WL 204564, at *3, n. 17 (D. Kan. Jan. 24, 2012) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed.2011)). Although Defendants specifically disputed Plaintiff's reliance on the affidavits, it did so by primarily referring to its Motion to Strike. Therefore, the Court will address Defendant's Motion despite this procedural error.

[8] D. Kan. R. 56.1(b).

[9] *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 633–35 (10th Cir. 2008).

paragraph within the evidence.[10] The paragraphs that Defendant asks to strike provide background information and context to affiants' experiences and opinions. Additionally, Plaintiff is not required to cite every piece of evidence within her briefings. Thus, the Court denies Defendant's Motion to Strike paragraphs 7–13, 39, and 43–45 of Plaintiff's affidavit; paragraphs 2–10, 13, and 15–16 of Toomey's affidavit; and paragraphs 3–5, 7, and 11 of Jacobson's affidavit.

>   2.   *Lack of personal knowledge, improper opinion and belief, hearsay, improper legal conclusions, and self-serving nature*

Defendant argues that the Court should strike several paragraphs of Toomey's, Jacobson's, and Plaintiff's affidavit because they lack personal knowledge, express an improper opinion and belief, contain hearsay, propose improper legal conclusions, and are self-serving. The Federal Rules of Civil Procedure provide that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[11] "Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to."[12] Statements made without personal knowledge must be disregarded.[13] The court should also disregard legal conclusions.[14] In addition, the substance of the evidence contained in an affidavit must be admissible at trial, and the court

---

[10] D. Kan. R. 56.1(b); *Coleman*, 287 F. App'x at 633–35.

[11] Fed. R. Civ. P. 56(c)(4).

[12] *Argo v. Blue Cross Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (internal quotation and citations omitted).

[13] *Id.* (internal quotation and citation omitted).

[14] *See Summit Fin. Res., L.P. v. Kathy's Gen. Store, Inc.*, 2009 WL 2106102, at *2 (D. Kan. Jul. 16, 2009) (citation omitted); *see also Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003) (finding that the district court did not abuse its discretion in relying on the declarations to the extent they contained relevant and admissible evidence and disregarding inadmissible hearsay and legal conclusions).

"should disregard inadmissible hearsay statements contained in affidavits."[15] "[C]onclusory and self-serving affidavits are not sufficient."[16] To enforce Rule 56(c)(4), "the court ordinarily does not strike affidavits, but simply disregards those portions that are not shown to be based upon personal knowledge or otherwise do not comply."[17]

 i. *Toomey's affidavit*

The Court will disregard the paragraphs in Toomey's affidavit that do not comply with Federal Rule of Civil Procedure 56(c)(4). Defendant objects to paragraphs 10–17.[18]

Paragraph 12 is not based on personal knowledge. Therefore, this paragraph is disregarded.

Paragraph 11, sentences 6, 7, and 8 are not based on personal knowledge. Therefore, these sentences are disregarded.

As to paragraph 13, sentences 1–2 are not based on personal knowledge. These sentences, therefore, are disregarded.

Paragraph 14, sentence 4 is an improper opinion. Thus, it is disregarded.

As to paragraph 17, it is not based on personal knowledge. This paragraph, therefore, is disregarded.

---

[15] *Argo*, 452 F.3d at 1199 (emphasis omitted) (citation omitted).

[16] *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (citation omitted).

[17] *Stevens v. Water Dist. One of Johnson Cnty.*, 561 F.Supp.2d 1224, 1231 (D. Kan. 2008).

[18] Plaintiff does not cite to paragraph 10 within her briefing. Thus, the Court will not rely upon this paragraph in its consideration of Defendant's Motion for Summary Judgment. Consequently, the motion to strike paragraph 10 is denied.

### ii.    *Jacobson's affidavit*

The Court will disregard the paragraphs in Jacobson's affidavit that do not comply with Federal Rule of Civil Procedure 56(c)(4). Defendant objects to paragraphs 2–11. As to paragraph 2, sentence 4 is a belief. Thus, it is disregarded.

Paragraph 7, sentence 8 is an improper opinion. This sentence, therefore, is disregarded.

As to paragraph 11, sentences 4–6 are improper opinions. Therefore, the sentences are disregarded.

### iii.    *Plaintiff's affidavit*

The Court will disregard the paragraphs in Plaintiff's affidavit that do not comply with Federal Rule of Civil Procedure 56(c)(4). Defendant objects to paragraphs 2, 4–6, 12, 14–16, 18–22, 24–32, 34–42, 44–50, and 53.

Paragraph 24, sentence 2 contains legal conclusions. Thus, this sentence is disregarded.

As to paragraph 28, sentence 1 is not based on personal knowledge, and thus, this sentence is disregarded.

Paragraph 29, sentence 1 is not based on personal knowledge. Therefore, this sentence is disregarded.

As to paragraph 30, sentence 1 is an improper opinion. Thus, this sentence is disregarded.

Paragraphs 34 and 35 are not based on personal knowledge. These paragraphs, therefore, are disregarded.

As to paragraph 37, sentences 1, 2, and 6 are not based on personal knowledge and are improper opinions. Thus, these sentences are disregarded.

Paragraphs 38 and 46 are legal conclusions and improper opinions. Therefore, these paragraphs are disregarded.

Defendant objects to paragraphs 6, 20, 21, 27, 30, 32, and 45 as hearsay. Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." In the case of an employment dispute, "an employee's statements are not attributable to his employer as a party-opponent admission in an employment dispute unless the employee was 'involved in the [decision[-]making] process affecting the employment action' at issue."[19] The declarants in paragraphs 6 and 32 are not employees involved in the decision-making process. Therefore, paragraphs 6 and 32 are disregarded. In paragraphs 20, 21, and 45, the declarants are employees involved in the decision-making process, and thus, these paragraphs are not disregarded for hearsay. Paragraphs 27 and 30 are devoid of hearsay, and thus will not be struck on those grounds.

The other paragraphs and sentences not specifically mentioned remain in the three affidavits. The arguments that Defendant propounds for the paragraphs not specifically mentioned are made in a perfunctory manner. Thus, the Court will deem the arguments made in a perfunctory manner to be waived.[20] As a result, the Court grants in part and denies in part Defendant's Motion to Strike Affidavits.

**IT IS THEREFORE ORDERED** that Plaintiff Merrier A. Jackson Tartt's Motion to Amend/Correct File Corrected Exhibit (Doc. 56) is **GRANTED**.

---

[19] Johnson v. *Weld Cnty.*, 594 F.3d 1202, 1209 (10th Cir. 2010) (quoting *Jaramillo v. Colo. Jud. Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005)).

[20] *See Utahns for Better Transp. v. U.S. Dept. of Treasury*, 305 F.3d 1152, 1169 (10th Cir. 2002) (holding argument consisting of a single sentence was "waived for failure to brief"); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").

**IT IS FURTHER ORDERED** that Plaintiff must file the corrected exhibit within 5 days of the issuance of this Order.

**IT IS FURTHER ORDERED** that Defendant Unified School District No. 475's Motion to strike affidavits (Doc. 51) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE